HAZARD *v.* CREDIT MOBILIER OF AMERICA *et al.*

(*Circuit Court, E. D. Pennsylvania.*    January 15, 1889.)

1. CORPORATIONS—STOCKHOLDERS—RECEIVER—INJUNCTION—LACHES.
   A motion was made to dismiss the receiver of a corporation, and to vacate an injunction restraining its stockholders from making a fraudulent settlement of a suit.    A claim was made against the corporation for back dividends, etc., and the motion was opposed by the claimant, who, however, had had for many years full knowledge of his claim.    *Held,* even if not barred by the statute of limitations, he had no standing to oppose the motion.

2. SAME—CLAIM FOR TAXES.
   A motion was made to dismiss a receiver of a corporation, and to vacate an injunction restraining a majority of its stockholders from making a fraudulent settlement of a suit; when before the master a claim was made by the state of Pennsylvania for back taxes, and the motion to dismiss was opposed

by it. *Held*, that the motion to dismiss, which, being granted, would deprive the state of all remedy, should be held over until the state should try its right to the taxes, provided it made no delay, and, upon its succeeding, furnished a sufficient sum to prosecute the suit, even though the exercise by the state of its present vigilance would have resulted in the previous discovery of the right now claimed.

(*Syllabus by the Court.*)

In Equity. On exceptions to master's report.

Bill by Rowland G. Hazard against the Credit Mobilier of America, Royal E. Robbins and others, directors of the Credit Mobilier, and the Union Pacific Railroad Company, to restrain the majority of the stockholders of the Credit Mobilier from fraudulently discontinuing a suit brought by it against the Union Pacific Railroad Company in the state of Massachusetts, on a note for $2,000,000, given by the railroad company to the Credit Mobilier. It was alleged that the majority of the stock of the Credit Mobilier was held by stockholders of the Union Pacific Railroad Company; that it was the purpose of these stockholders to discontinue the suit in Massachusetts, whereby the claim against the railroad company would be barred by the statute of limitations; that this claim was the only assets of the Credit Mobilier; and that plantiff would thereby be irreparably injured. The injunction was granted, and, defendants having endeavored to have the Massachusetts suit discontinued, a receiver was appointed. On September 4, 1888, a motion by the then receiver to vacate the injunction, to authorize him to withdraw from all pending litigation, and to dismiss the bill, was made and referred to a master. It was alleged by the receiver that all stock of the Credit Mobilier was now held in the interest of the Union Pacific Railroad Company; that Hazard had no interest in it; that there were no claims against the Credit Mobilier; and that no moneys had come into his hands except a small sum allowed to him as remuneration for his services. A claim was presented by Barton H. Jenks for (1) a balance on a duebill of the Union Pacific Railroad Company for bonds; and (2) for unpaid dividends, allotments, etc., on stock of the Credit Mobilier. The dividends were in stock and bonds of the Union Pacific Railroad Company, and were alleged to have been declared in 1867 and 1868. There was another item of the claim which was withdrawn. The master held that even if Jenks was not barred by the statute of limitations he had no standing to oppose the motion, because of his long delay. After the close of the meetings before the master, the commonwealth of Pennsylvania applied to have the hearings reopened to prove a claim against the Credit Mobilier for a bonus on an increase of the capital stock under its acts of incorporation due in 1869–72 and interest thereon, and stated that it would call upon the company to furnish reports of capital stock for the years 1884–88, and requested a delay of action until the claims had been settled. It was found that part of the commonwealth's claim was erroneous, but that the portion for the taxes for the years 1884–88 was still due. The master thereupon recommended a decree dismissing the bill after the claims of the commonwealth have either been paid or secured, and reported $150 as the part of the costs chargeable to Jenks.

Plaintiff and Jenks excepted. After the filing of the report, the state of Pennsylvania filed a petition by leave of court to intervene, alleging a claim for back taxes amounting to $224,868.67.

*George Tucker Bispham* and *Artemas H. Holmes,* for Credit Mobilier.

*Weigly & Colton,* for Jenks and the Commonwealth.

BUTLER, J. The court is satisfied with the master's disposition of Barton H. Jenks' claim, and the costs arising out of its presentation. The exceptions filed by Mr. Jenks on this account are therefore dismissed.

We are also satisfied with the master's recommendation that the motion to dismiss the receiver and vacate the injunction be held over until the state has opportunity to test its right to taxes claimed. It is certainly true that the litigation which has extended over several years should not be unnecessarily continued. We are not entirely satisfied that an exercise of the vigilance now exhibited by the state would not sooner have discovered the facts on which its claim is based, and have had its right to recover determined. In view, however, of all the circumstances, and especially of the fact that an allowance of the motion now would probably deprive the state of all remedy, we think it is proper to withhold action until it has had time to have the claim passed upon, in the manner provided for, by the state statutes. If the claim shall be sustained, we will then allow the intervention prayed for, on condition that the state furnishes the funds necessary to enable the receiver to prosecute the claims of the Credit Mobilier against the Union Pacific Railroad Company. These claims have not been prosecuted heretofore for want of means to do it. There must be no lack of vigilance on the part of the state in recovering judgment for the taxes, nor in furnishing the funds referred to. If there shall be, the motion will be allowed, and counsel are at liberty to call it up hereafter whenever they believe, in view of what is here said, it should be allowed.